FILED

**NOT FOR PUBLICATION**

JAN 06 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUEGANG WANG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73415<br><br>Agency No. A097-857-918<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2013
Pasadena, California

Before: SCHROEDER, NOONAN, and CLIFTON, Circuit Judges.

Xuegang Wang, a native and citizen of the People's Republic of China,

appeals the decision of the Board of Immigration Appeals ("BIA") denying his

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). Because Wang filed his application prior to

May 11, 2005, the REAL ID Act does not govern this case. *Joseph v. Holder*, 600

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

F.3d 1235, 1240 n.3 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252. The BIA's factual findings are reviewed for substantial evidence, while questions of law are reviewed de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005). We grant Wang's petition in part, deny it in part, and remand it to the BIA for review.

Substantial evidence does not support the BIA's finding that Wang has failed to establish a nexus between the harm he suffered and the protected ground of political opinion. To the contrary, the record compels the conclusion that the police imputed pro-Western and pro-labor political opinions to Wang, and that he was harmed at least in part because of those imputed beliefs. *See Hu v. Holder*, 652 F.3d 1011, 1016-20 (9th Cir. 2011). The police forcibly arrested Wang outside the municipal government building after identifying him as "leading" the workers' protest. Wang was then interrogated, accused of spreading Western ideology and inciting workers to protest, beaten unconscious, and held captive for ten days until he agreed in writing not to "organize workers anymore" or "spread Western thoughts such as democracy, freedom and human rights." After his release, the police continued to ask Wang at his weekly reporting sessions if he planned to "organize[] any workers," threatening to throw him in jail if he did.

On these facts, as in *Hu*, we conclude that Wang has established the nexus requirement and remand for the BIA to determine whether Wang's past mistreatment rises to the level of persecution such that his application for asylum and withholding of removal may be granted. *See Hu*, 652 F.3d at 1020.

We deny Wang's petition as to his CAT claim because he has failed to show that it is more likely than not that he would be tortured if he were removed to China. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

Each party shall bear its own costs.

09-73415, Wang v Holder

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. Even accepting Wang's factual testimony as true, the evidence does not compel the conclusion that Wang suffered persecution on account of a political opinion.

Wang led a workers' protest at a municipal government building. The workers protested for two hours, after which representatives of the government came out and took their letters. The representatives told Wang that they would notify Wang's company of their decision, and that they should go back home and not block the way. Wang did not claim to have suffered any harm, let alone persecution, at or following that protest. Less than ten days later, Wang led another protest at the municipal building. This time, the protesters blocked the door of the government building and the road. Wang told the government representatives that the protesters would not leave until they got a response. Six hours later, the police told the protesters that their protest was illegal and that they were disturbing the peace, giving them five minutes to leave. While trying to disperse the protesters, the police arrested Wang because he was the leader of the group. Wang's purported political opinions had not changed, but he was not arrested after the first protest, only after he led a group blocking the building. That was a normal law enforcement response, not compelling proof of political

persecution.

At the police station, Wang was asked to admit to spreading "Western thoughts such as democracy, human rights, and freedom," but the police did not physically coerce him to confess. Nor was he beaten after explaining the workers' position and accusing the company of being irresponsible. The physical abuse did not start until Wang insulted the officers by accusing them of being "cold blooded animals" just like the head of the company.

The record does not compel the conclusion that Wang was harmed because the police imputed a political opinion to him. Rather, the record shows that Wang was not arrested after the first protest but only after leading a group that blocked the government building, which the protesters had been told not to do. Similarly, he was not physically assaulted after expressing his pro-democracy political opinions, but only after he directly and personally insulted the police officers. The evidence did not compel a conclusion contrary to that reached by the BIA. Under the deferential standard of review that should apply, the petition for review should be denied.